Patrick J. Perrone
patrick.perrone@klgates.com
Loly G. Tor
loly.tor@klgates.com
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001
*Attorneys for Defendant Electrolux Home Products, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS GORCZYNSKI,<br><br>*Individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., SUPER K CORPORATION d/b/a ABC DISCOUNT APPLIANCES, MIDEA AMERICA CORP., AND MIDEA MICROWAVE AND ELECTRICAL APPLIANCES MANUFACTURING CO., LTD., AND ABC CORPS. 1-10,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1332, Defendant Electrolux Home Products, Inc. ("Electrolux"), by and through its undersigned attorneys, hereby removes this action from the New Jersey Superior Court, Law Division, Camden County, to the United States District Court for the District of New Jersey. In support thereof, Electrolux states as follows:

1. On May 10, 2018, Plaintiff Thomas Gorczynski ("Plaintiff") filed a Complaint against Electrolux, Super K Corporation d/b/a ABC Discount Appliances ("ABC Discount Appliances"), Midea America Corp. ("Midea USA"), and Midea Microwave and Electrical

Appliances Manufacturing Co. ("Midea China") in the Superior Court of New Jersey, Law Division, Camden County.  Attached hereto as Exhibits A, B, and C, respectively, are true and accurate copies of the Complaint, Track Assignment Notice, and Civil Case Information Statement.

2. Electrolux was served with the Complaint, Track Assignment Notice, and Civil Case Information Statement on May 17, 2018.

3. This Notice of Removal is timely because it is being filed within thirty days of service of the Complaint, Track Assignment Notice, and Civil Case Information Statement on Electrolux.

## I. This Action Is Removable Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(11) ("CAFA")

4. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from the citizenship of at least one defendant, Electrolux; and (3) the aggregate amount placed in controversy by the claims of the named Plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of costs and interest.

### A. The Minimal Diversity of Citizenship Requirement Is Satisfied.

5. Under CAFA, 28 U.S.C. § 1332(d)(2)(A), minimal diversity jurisdiction exists if any member of the purported class is a citizen of a state different from any defendant.

6. As alleged in the Complaint, Plaintiff is a citizen of New Jersey.  (Ex. A ¶ 9).

7. Electrolux is incorporated in Delaware and has its principal place of business in North Carolina.  As such, for jurisdictional purposes, Electrolux is a citizen of Delaware and North Carolina.

8. Thus, the minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because the citizenship of at least one putative class member, Plaintiff, is different than the citizenship of at least one defendant, Electrolux.

### B. The Putative Class Consists of More than 100 Members.

9. Plaintiff purports to bring this action pursuant to R. 4:32 of the New Jersey Court Rules on behalf of a class comprised of "[a]ll persons in the State of New Jersey who purchased a Microwave with a stainless steel handle since May 10, 2012 and continuing to the date the Microwaves are no longer offered for sale or a class is certified." (Ex. A ¶ 84).

10. Plaintiff alleges that the putative class "is so numerous that the joinder of all members is impracticable" but does not allege the exact or approximate number of putative class members. (Id. ¶ 85).

11. Plaintiff defines "Microwave" as the "Over-The-Range Microwave Ovens . . . designed, manufactured, marketed, distributed and sold by" Electrolux, ABC Discount Appliances, Midea USA, and Midea China. (Id. ¶ 1).

12. During the putative class period (May 10, 2012 to the present (Ex. A ¶ 84)), Electrolux shipped over 70,000 over-the-range microwave ovens that use a stainless steel handle to retailers located in New Jersey for sale to consumers.[1]

13. Based on these and other allegations, the aggregate number of class members in Plaintiff's proposed class is at least 100 for the purposes of satisfying 28 U.S.C. § 1332(d)(5).

---

[1] In a related action brought by the same attorneys who represent Plaintiff here, the United States District Court for the Eastern District of California concluded that "[a]s Electrolux does not sell its microwaves directly to consumers, it is reasonable for Electrolux to use sales of microwaves with stainless steel handles to its California retailers as a proxy to estimate how many of such microwaves were purchased by persons in California." *Mendoza, et al. v. Electrolux Home Products, Inc.*, 1:17-cv-00839-LJO-SKO, Dkt. No. 47 at 5 (E.D. Cal. September 20, 2017). A copy of that decision is attached hereto as Exhibit D. Electrolux respectfully suggests that the same rationale should apply in this instance with respect to New Jersey consumers.

      **C.**      **The Amount in Controversy Requirement under CAFA Is Satisfied.**

14. Plaintiff alleges that over-the-range microwave ovens manufactured by Electrolux are defective because they are manufactured with stainless steel handles that allegedly heat to excessive temperatures when the cooking surface below is in operation. (Ex. A ¶ 2).

15. Plaintiff contends that the alleged defect renders a microwave handle "unfit to use when opening the Microwave door - its intended and ordinary purpose." (Id. ¶ 7).

16. Based on these allegations, Plaintiff alleges claims against Electrolux for violation of New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-2, et seq. (the "CFA"), violations of the Magnuson-Moss Consumer Products Warranties Act, 15 U.S.C. § 2301, et seq. (the "MMWA"), and breach of the implied warranty of merchantability. (Ex. A at 22-28).

17. Plaintiff also asserts a claim against ABC Discount Appliances only for unjust enrichment. (Id. at 28).

18. Plaintiff seeks, on his own behalf and on behalf of the putative class, the following damages from Electrolux: (1) treble damages, attorneys' fees, and costs of suit pursuant to the CFA; (2) attorneys' fees, costs, and expenses under the MMWA; (3) "replacement of the defective handle with a non-defective handle of at least the quality and grade marketed and promised, as well as shipment and installation of the replacement handle," (3) compensatory damages and/or statutory damages; and (4) pre- and post-judgment interest. (Id. ¶¶ 109, 119, 127; id. at 28 ¶¶ B-E).

19. Plaintiff also seeks, on his own behalf and on behalf of the putative class, the following damages from ABC Discount Appliances only: "restitution and/or the institution of a constructive trust disgorging all profits, benefits and other compensation obtained by Defendant ABC Discount Appliances, in addition to attorneys' fees, costs, and interest thereon." (Id. ¶ 131).

20. Plaintiff alleges that "the retail cost of Plaintiff Gorczynski's stainless steel handle (Handle Part No. 5304481502) is approximately $124.58," and that he purchased his microwave for $477.00.  (Id. ¶¶ 34, 43).

21. Using only the cost of a replacement handle as the measure of damages ($124.58), the putative class would need to consist of 40,135 individuals for the amount in controversy to exceed $5,000,000.[2]

22. Because Electrolux shipped over 70,000 over-the-range microwave ovens that use a stainless steel handle to retailers located in New Jersey for sale to consumers during the class period, more than 40,135 microwaves that use a stainless steel handle were shipped to New Jersey retailers for sale to consumers during the putative class period.

23. If Electrolux was ordered to replace the handles on these microwaves, a qualified service technician would need to disassemble the door of each microwave, install the new handle, reassemble and reinstall the microwave door and then inspect the unit to ensure functionality.  The average labor cost to Electrolux for such repairs is $91.

24. Using the cost of the replacement handle plus the labor cost to replace the handle as the measure of damages ($124.58 plus $91 equals $215.58), the putative class would need to consist of 23,194 individuals for the amount in controversy to exceed $5,000,000.[3]

25. Because Electrolux shipped over 70,000 over-the-range microwave ovens that use a stainless steel handle to retailers located in New Jersey for sale to consumers during the class period, more than 23,194 microwaves that use a stainless steel handle were shipped to New Jersey retailers for sale to consumers during the putative class period.

---

[2] $5,000,000 divided by $124.58 equals 40,134.85.
[3] $5,000,000 divided by $215.58 equals 23,193.25.

26. Thus, for the reasons set forth above, the amount in controversy exceeds $5,000,000, even if attorneys' fees are excluded from the calculation.

27. Because there is minimal diversity between the parties and because the $5,000,000 amount in controversy requirement is satisfied, this case is properly removed pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

28. Moreover, because removal of this action is proper under CAFA, Electrolux may remove the action without obtaining the consent of its co-defendants.  See 28 U.S.C. § 1453(b)

29. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court of New Jersey, Law Division, Camden County, and served upon counsel for Plaintiff.

30. In filing this Notice of Removal, Electrolux does not waive, and specifically reserves, all defenses, exceptions, rights, and motions.  No statement herein or omission herefrom shall be deemed to constitute an admission by Electrolux of any of the allegations of or damages sought in the Complaint.

WHEREFORE, Electrolux respectfully gives notice of the removal of the state action referenced herein from the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey.

Dated: June 15, 2018          **K&L GATES LLP**
                              *Attorneys for Defendants Electrolux Home Products, Inc.*

                    By:    s/Patrick J. Perrone
                           Patrick J. Perrone
                           Loly G. Tor
                           One Newark Center, Tenth Floor
                           Newark, New Jersey 07102
                           T: (973) 848-4000
                           F: (973) 848-4001
                           patrick.perrone@klgates.com
                           loly.tor@klgates.com