# EXHIBIT 46

Patrick J. Perrone
patrick.perrone@klgates.com
Loly G. Tor
loly.tor@klgates.com
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001

Michael S. Nelson (*pro hac vice*)
michael.nelson@klgates.com
**K&L GATES LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
P: 412.355.6245
F: 412.355.6501

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS GORCZYNSKI,<br><br>*Individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., SUPER K CORPORATION d/b/a ABC DISCOUNT APPLIANCES, MIDEA AMERICA CORP., AND MIDEA MICROWAVE AND ELECTRICAL APPLIANCES MANUFACTURING CO., LTD., AND ABC CORPS. 1-10,<br><br>Defendants. | Case No. 1:18-cv-10661-RMB-KMW<br><br>Hon. Renee Marie Bumb, U.S.D.J.<br>Hon. Karen M. Williams, U.S.M.J. |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S AMENDED REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT ELECTROLUX HOME PRODUCTS, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and the Local Rules of the United States District Court for the District of New Jersey, Defendant Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, K&L Gates LLP, hereby objects and provides supplemental responses to Plaintiff's Amended Requests for Admissions Directed to Defendant Electrolux Home Products, Inc. (the "Requests").

## GENERAL OBJECTIONS

The following General Objections apply to all aspects of the Requests and shall have the same force and effect as if set forth in full in response to each specific Request for Admission in the Requests. Although the General Objections may be specifically referenced in a response, the failure to mention a General Objection specifically is not to be construed as a waiver of any such objection. Moreover, the assertion of the same, similar, or additional objections in response to a specific Request for Admission does not waive or modify any of the General Objections as set forth below. Electrolux reserves the right to amend or supplement these objections as may be appropriate.

1. Electrolux objects to the Requests to the extent that they seek to elicit an admission that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and as such, imposes undue burden and expense upon Electrolux. To the extent that Electrolux responds to the Requests, it does not concede that the admission requested is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

2. Electrolux objects to the Requests to the extent that they seek information that is not known or reasonably available to Electrolux.

3. Electrolux objects to the Requests to the extent that they seek information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, doctrine, restriction, or immunity from disclosure. Nothing contained in these responses is intended to or shall constitute a waiver of any such privilege, protection, doctrine, restriction, or immunity from disclosure. The inadvertent production of any information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, doctrine, restriction, or immunity from disclosure is not intended and is not to be construed to constitute a waiver, and Electrolux reserves its right to recall any such information.

4. Electrolux objects to the Requests to the extent that they exceed, contradict, or attempt to impose an obligation greater than that imposed by the Federal Rules of Civil Procedure, any other applicable procedural rules, case law, or statutes governing the proper scope of discovery, or any applicable Court order.

5. Electrolux objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or not stated with reasonable particularity.

6. Electrolux objects to the Requests to the extent that they call for legal conclusions.

7. Electrolux objects to the Requests to the extent that they seek information that is cumulative and/or duplicative of information sought by Plaintiff through other methods of discovery, particularly the broad and voluminous interrogatories and document requests served on Electrolux by Plaintiff.

8. Electrolux objects to the Requests to the extent that they seek information that is already in Plaintiff's possession or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9. Electrolux objects to the Requests to the extent that they seek the disclosure of confidential information, proprietary business information, trade secrets, or any other private information.

10. Electrolux objects to the Requests to the extent that they seek information protected by any protective order, confidentiality order, or non-disclosure agreement binding on Electrolux.

11. Electrolux objects to the Requests to the extent that they are premature because investigation of facts and other information relating to the claims at issue in this action are ongoing. Electrolux's response to each Request will be based only upon such documents and information as are known or reasonably available to Electrolux at the time of such response. Electrolux anticipates that further investigation and analysis of the claims at issue in this action may disclose additional information which may be relevant to the Requests. Electrolux reserves the right to revise, correct, supplement, clarify, or amend at any time any and all of its objections and responses to the Requests as additional information is obtained or becomes available or known to Electrolux.

12. In responding to the Requests, Electrolux does not waive, intends to preserve, and is preserving (a) all objections to competency, relevance, materiality, privilege, and admissibility; (b) all rights to object on any ground to the use of any testimony in any subsequent proceeding including the trial of this or any other action; and (c) all rights to revise, correct,

supplement, clarify, and/or amend any of the responses herein at any time. Electrolux expressly reserves the right to object to further discovery into the subject matter of the Requests.

13. Electrolux's failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at a later time.

14. Electrolux reserves the right to introduce into evidence at trial, or at any other proceeding in this action, information, documents, and other materials discovered subsequent to the date of Electrolux's responses and objections to the Requests.

15. Electrolux objects to the Definitions and Instructions in the Requests to the extent that they seek to impose burdens and obligations on Electrolux beyond those set forth in the Federal Rules of Civil Procedure and any applicable case management orders. Electrolux is not obligated to follow the Instructions to the extent they are inconsistent with the Federal Rules of Civil Procedure or any applicable case management orders.

16. Electrolux objects to the Definitions and Instructions in the Requests to the extent that they imply factual or legal conclusions regarding any matters at issue in this litigation. By responding to the Requests, Electrolux does not concede the import of any misleading statement, inaccurate assumption, or mischaracterization of facts contained in the Requests.

17. Electrolux objects to the definitions of "YOU," and "YOUR" contained in the Requests on the grounds that they are overly broad, unduly burdensome, and seek discovery that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. As defined by the Requests, these terms encompass corporate entities that include not only Electrolux but also "its predecessors and successors in interest, its present and former officers, directors, and employees, its parent, subsidiaries, divisions, entities, and affiliated companies (foreign and domestic), and its attorneys, representatives, agents and all

other persons acting or authorized to act on its behalf, including third party entities." As such, the Requests seek to elicit admissions from individuals and corporate entities other than Electrolux over whom Electrolux has no control and/or who bear no relationship whatsoever to any matters at issue in this litigation. Electrolux will interpret the term "YOU" or "YOUR" in every instance to refer solely to Defendant, Electrolux Home Products, Inc.

18. Electrolux objects to the defined term "STAINLESS STEEL HANDLES" on the grounds that the definition is overly broad and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and would impose undue burden on Electrolux. Electrolux further objects to the definition to the extent it assumes that Electrolux designed and/or manufactured the stainless steel handles. To the contrary, Electrolux contracted with third-party suppliers to design and manufacture its over-the-range microwaves. Electrolux was responsible for ensuring that the Electrolux microwaves contained the requisite visual brand language and that the units had satisfactory fit, feel and finish. For purposes of these responses, Electrolux defines "STAINLESS STEEL HANDLES" to mean the stainless steel microwave handle on any "MICROWAVE," as that term is defined below.

19. Electrolux objects to the defined term "MICROWAVES" on the grounds that the definition is overly broad and seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and would impose an undue burden on Electrolux. The definition is not limited in scope to the MICROWAVE purchased by Plaintiff as alleged in Plaintiff's Complaint, Model No. FGMV154CLFA, and does not contain any temporal limitations. Electrolux further objects to the definition to the extent it assumes that Electrolux designed and/or manufactured its over-the-

range microwaves. To the contrary, Electrolux contracted with third-party suppliers to design and manufacture its over-the-range microwaves. Electrolux was responsible for ensuring that the microwaves contained the requisite visual brand language and that the units had satisfactory fit, feel and finish. For purposes of these responses, Electrolux defines "MICROWAVE" to mean the following over-the-range microwaves: E30MH65QPS; FFMV152CLW; FFMV154CLS; FFMV162LW; FFMV164LS; FGBM185KF; FGBM187KB; FGBM187KW; FGBM205KF; FGMV154CLF; FGMV174KF; FGMV174KM; FGMV175QF; FGMV185KF; FGMV205KF; FPMV189KF and LFMV164QF.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS

### Request for Admission No. 1

**The putative Class as defined in the COMPLAINT is sufficiently numerous such that joinder of all members is impracticable under Federal Rule of Civil Procedure 23(a)(1), even if limited to MICROWAVE sales with handle part number 5304481502.**

### Response

In addition to its General Objections, which are incorporated by reference, Electrolux also objects to this Request on the grounds that it seeks a legal conclusion regarding the number of putative class members necessary to satisfy the numerosity requirement set forth in Fed. R. Civ. P. 23. Electrolux further objects to this Request as premature because fact discovery has not yet concluded and because the Court has not yet considered a class certification motion, which will define the universe of class members, if any.

Subject to and without waiving the foregoing objections, Electrolux states that after a reasonable inquiry of the information known or readily available to it, Electrolux does not have sufficient information to admit or deny this Request. By way of further response, Electrolux does not sell its microwaves to consumers. As a result, Electrolux is generally unaware as to the

specific identity or location of persons to whom its products were ultimately sold, or when those sales took place.

**Request for Admission No. 2**

The handles bearing Plaintiff's handle part number 5304481502 are manufactured pursuant to a uniform design.

**Response**

In addition to its General Objections, which are incorporated by reference, Electrolux objects to this Request on the grounds that the term "uniform" is not defined and is ambiguous. Electrolux also objects to this Request to the extent that it seeks information in the possession, custody or control of third parties and not Electrolux.

Subject to and without waiving these objections, Electrolux admits that there have been no changes to the design of handles bearing handle part number 5304481502. By way of further response, Electrolux states that it is not aware of any changes to the manufacturing process for handles bearing handle part number 5304481502.

**Request for Admission No. 3**

Each STAINLESS STEEL HANDLE is manufactured pursuant to its own uniform design.

**Response**

In addition to its General Objections, which are incorporated by reference, Electrolux objects to this Request on the grounds that the term "uniform" is not defined and is ambiguous. Electrolux also objects to this Request to the extent that it seeks information in the possession, custody or control of third parties and not Electrolux.

Subject to and without waiving these objections, Electrolux admits that there have been no changes to the various designs of the stainless steel handles on the microwaves supplied by

8

Electrolux. By way of further response, Electrolux states that it is not aware of any changes to the manufacturing processes for the various STAINLESS STEEL HANDLES on the MICROWAVES, as these terms are defined by Electrolux.

**Request for Admission No. 4**

Plaintiff and other members of the Class are "consumers" within the meaning of the New Jersey Consumer Fraud Act.

**Response**

In addition to its General Objections, which are incorporated by reference, Electrolux objects to this Request on the grounds that the New Jersey Consumer Fraud Act does not define "consumers." Electrolux further objects to this Request on the grounds that it is not limited in time or in scope to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Electrolux admits that Plaintiff Gorczynski is a consumer with respect to the MICROWAVE that he purchased that is the subject matter of his Amended Complaint. With respect to the "other members of the Class," Electrolux responds that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny the Request.

**Request for Admission No. 5**

The MICROWAVES are "merchandise" within the meaning of the New Jersey Consumer Fraud Act.

**Response**

Electrolux incorporates its General Objections herein. Electrolux further objects to this Request on the grounds that it is vague because it does not identify the specific definition of "merchandise" on which the Request is based.

Subject to and without waiving the foregoing objections, and using the definition of "merchandise" set forth in the New Jersey Consumer Fraud Act at <u>N.J.S.A.</u> 56:8-1(c), which defines "merchandise" to "include any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale," this Request is admitted.

**Request for Admission No. 6**

The MICROWAVES are "consumer products" as that term is defined in 15 U.S.C. § 2301(1).

**Response**

Electrolux incorporates its General Objections herein. Subject to and without waiving the foregoing objections, this Request is admitted.

**AMENDED Request for Admission No. 7**

YOU are a "supplier" of MICROWAVES as that term is defined in 15 U.S.C. § 2301(4).

**Response**

Electrolux incorporates its General Objections herein. Electrolux further objects to this Request on the grounds that it is not limited in time or in scope to the subject matter of this litigation and is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, this Request is admitted.

**AMENDED Request for Admission No. 8**

YOU are a "warrantor" of MICROWAVES as that term is defined in 15 U.S.C. § 2301(5).

**Response**

Electrolux incorporates its General Objections herein. Electrolux further objects to this Request on the grounds that it is not limited in time or in scope to the subject matter of this

litigation and is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, this Request is admitted.

**Request for Admission No. 9**

The MICROWAVE is a consumer good and YOUR "DISCLAIMER OF IMPLIED WARRANTIES; LIMITATIONS OF REMEDIES" is unenforceable pursuant to New Jersey Commercial Code 12A:2-316(2).

**Response**

In addition to its General Objections, which are incorporated by reference, Electrolux objects to this Request on the grounds that it seeks a legal conclusion regarding the applicability of New Jersey Commercial Code 12A:2-316(2).

Subject to and without waiving the foregoing objections, Electrolux admits that the MICROWAVE is a consumer good. Electrolux denies the remainder of this Request.

**Request for Admission No. 10**

The "DISCLAIMER OF IMPLIED WARRANTIES; LIMITATIONS OF REMEDIES" was not separately acknowledged by the signature of Plaintiff Gorczynski.

**Response**

In addition to its General Objections, which are incorporated by reference, Electrolux objects to this Request on the grounds that it is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Electrolux further objects to this Request on the grounds that it assumes that such a policy is required.

Subject to and without waiving the foregoing objections, Electrolux admits that Plaintiff Gorczynski did not separately acknowledge by his signature the "Disclaimer of Implied Warranties; Limitations of Remedies" to Electrolux.

**Request for Admission No. 11**

YOU had no policy that required the "DISCLAIMER OF IMPLIED WARRANTIES; LIMITATIONS OF REMEDIES" for YOUR MICROWAVE(S) to be separately acknowledged by the signature of the MICROWAVE buyer in New Jersey.

**Response**

In addition to its General Objections, which are incorporated by reference, Electrolux objects to this Request on the grounds that it is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Electrolux further objects to this Request on the grounds that it assumes that such a policy is required.

Subject to and without waiving the foregoing objections, this Request is admitted.

**Request for Admission No. 12**

If YOU were ordered to replace the STAINLESS STEEL HANDLES on these MICROWAVES, a qualified service technician would need to dissemble the door of each microwave, install the new handle, reassemble and reinstall the microwave door and then inspect the unit to ensure functionality, which would result in $91.00 average labor cost to YOU for such repairs.

**Response**

Electrolux incorporates its General Objections herein. Electrolux further objects on the grounds that the term "dissemble" should read "disassemble." Subject to and without waiving the foregoing objections, this Request is admitted.

**Request for Admission No. 13**

The STAINLESS STEEL HANDLES listed by Handle Part number above are hollow and are manufactured from stainless steel walls that range from 0.8 mm to 1.2 mm in thickness.

**Response**

Electrolux incorporates its General Objections herein. Subject to and without waiving the foregoing objections, this Request is admitted.

**Request for Admission No. 14**

YOU did not provide any warning to Plaintiff or any Class member that the surface temperature of the STAINLESS STEEL HANDLES of the MICROWAVES may become elevated with the operation of the cooking surface below the MICROWAVES.

**Response**

In addition to its General Objections, which are incorporated by reference, Electrolux objects that this Request is overbroad and does it contain any temporal limitations. Electrolux also objects to this Request because the statement "that the surface temperature of the STAINLESS STEEL HANDLES of the MICROWAVES may become elevated" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Electrolux admits that the relevant use and care instructions did not and do not include a written warning regarding the temperature of the STAINLESS STEEL HANDLES at issue during operation of the cooking surface below. By way of further response, Electrolux states that no such warning is required.

303673173 v1

## CERTIFICATE OF SERVICE

I certify that, on September 18, 2019, I served a copy of the attached document on the following counsel for Plaintiff by electronic mail and regular mail:

>Simon Bahne Paris, Esq.
>Patrick Howard, Esq.
>Charles J. Kocher, Esq.
>SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
>One Liberty Place, 52nd Floor
>1650 Market Place
>Philadelphia, PA 191 03
>sparis@smbb.com
>phoward@smbb.com
>ckocher@smbb.com
>*Counsel for Plaintiff*
>
>Gerhard P. Dietrich
>Gabrielle A. Giombetti
>WARD GREENBERG HELLER & REIDY LLP
>1835 Market St., Suite 650
>Philadelphia, PA 19103
>gdietrich@wardgreenberg.com
>ggiombetti@wardgreenberg.com
>*Attorneys for Midea America Corp.*

>>s/ Loly G. Tor
>>Loly G. Tor