IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THOMAS GORCZYNSKI, <br><br> Plaintiff, <br> v. <br><br> ELECTROLUX HOME PRODUCTS, INC., et al., <br><br> Defendants. | Civil No. 18-10661 (RMB/KMW) <br><br><br> **ORDER FOR MEDIATION** |

The Court having adopted, by Local Civil Rule 301.1 and Appendix Q, a program for mediation of complex civil actions; it appearing that mediation of this civil action would conserve the resources, and be in the best interests of the Court and the parties, particularly given Plaintiff's willingness to mediate [Docket No. 183]; and for good cause appearing,

IT IS this **8th** day of **September** **2021**:

**ORDERED** THAT:

1. This civil action be, and it hereby is, referred to mediation consistent with Local Civil Rule 301.1 and Appendix Q;

2. Counsel and the parties shall participate in mediation and shall cooperate with the mediator who the parties have agreed upon;

3. Counsel and the parties (including individuals with settlement authority) shall attend mediation sessions as requested

by the mediator;

4. The mediator may meet with counsel and parties jointly or ex parte. All information presented to the mediator shall be deemed confidential and shall be disclosed by the mediator only on consent of counsel, except as necessary to advise the Court of an apparent failure to participate. The mediator shall not be subject to subpoena by any party. No statements made or documents prepared for mediation sessions shall be disclosed in any subsequent proceeding or construed as an admission against interest;

5. This matter shall remain Administratively Terminated.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States Magistrate Judge

c: Honorable Mark Falk, Mediation Compliance Judge