# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS GORCZYNSKI, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., et al.,<br><br>　　　Defendants. | No. 1:18-cv-10661-RMB-MJS<br><br>Hon. Renée Marie Bumb, U.S.D.J<br><br><br>**CERTIFICATION OF**<br>**PATRICK J. PERRONE** |

I, PATRICK J. PERRONE, hereby certify as follows:

　　　1.　　I am an attorney admitted to practice law in this Court and a partner with the law firm of K&L Gates LLP, attorneys for Defendant Electrolux Home Products ("Electrolux"). I have personal knowledge of the facts set forth herein, unless stated otherwise, and submit this Certification in support of the request to seal in whole or in part certain documents previously sealed by the Court's Orders (ECF Nos. 170, 171, and 172) in the above-captioned action pursuant to Local Civ. R. 5.3(c). A proposed form of order including proposed findings of fact and conclusions of law is submitted herewith ("Sealing Order").

　　　2.　　The public's general right of access to court records is substantially outweighed by the irreparable harm that would be suffered by Electrolux or the non-

314705946.1

parties that produced the following documents if the confidential, proprietary, and non-public information identified herein were unsealed, as further outlined below.

3. Electrolux seeks to seal the following documents **in their entirety**:

   a. Transcript of the Deposition of UL, LLC by Robert Gaston DelleVelle, a 30(b)(6) witness, taken on April 5, 2017, filed at ECF No. 106-17:

      i. Mr. DelleVelle appeared as a corporate representative of non-party UL, LLC. He testified regarding UL, LLC's procedures and testing, which information is, upon information and belief, not generally available to the public and is maintained as confidential by UL, LLC.

   b. Multiple Listing, Recognition, Verification and Classification Service Agreement, dated March 3, 2007, bearing Bates Labels UL 350-59, filed at ECF No. 106-19:

      i. Underwriters Laboratories Inc. produced the Service Agreement between Underwriters Laboratories Inc. and Electrolux and designated the document as "Confidential." Upon information and belief, the information contained in the Service Agreement is not publicly available, and Underwriters Laboratories Inc. produced the document in this litigation with the expectation that it would be maintained as confidential.

   c. Laboratory Data Package, bearing Bates Labels MIDEA_0021-106, filed at ECF No. 106-20:

      i. The Laboratory Data Package was produced by Midea and was designated by Midea as "Highly Confidential." It is a report of the results of testing performed on Midea microwaves pursuant to UL 923. It is not publicly available information, and it contains information regarding the design and specifications of Midea's product.

   d. Laboratory Data Package, bearing Bates Labels MIDEA_00107-192, filed at ECF No. 106-21:

      i. The Laboratory Data Package was produced by Midea and was designated by Midea as "Highly Confidential." It is a report of

       the results of testing performed on Midea microwaves pursuant to UL 923. It is not publicly available information, and it contains information regarding the design and specifications of Midea's product.

  e. Sales information provided by P.C. Richard & Son, filed at ECF No. 106-35:

     i. The sales information was provided by non-party P.C. Richard & Son and it contains the name, address, phone number, and other identifying information regarding its customers. This information is not publicly available, and it was produced by P.C. Richard & Son solely for this litigation. P.C. Richard & Son produced it subject to the protective order in place in this action.

  f. Sales information provided by Lowe's, filed at ECF No. 106-36:

     i. The sales information was provided by non-party Lowe's and it contains the name, address, phone number, and other identifying information regarding Lowe's customers. This information is not publicly available, and it was produced by Lowe's solely for this litigation. Lowe's produced it subject to the protective order in place in this action.

4. Electrolux seeks to seal the following documents **in part**:

  a. Electrolux's Objections and Supplemental Responses to Plaintiff's Interrogatories, dated September 18, 2019, filed at ECF No. 106-2 and 123-5:

     i. Electrolux seeks to redact and maintain as confidential the number of microwaves it shipped to retailers in New Jersey and the price at which it purchased microwave handles from its suppliers. This information is not publicly available and is sensitive information regarding Electrolux's business that it maintains as confidential. A copy of the document containing the proposed redactions is attached hereto as Exhibit B.

  b. Finished Product Purchase Agreement between Sharp Appliances Thailand Limited ("SATL") and Electrolux S.E.A. PTE Ltd. ("Electrolux"), dated November 3, 2007, filed at ECF No. 106-5:

314705946.1

      i. Electrolux seeks to redact pricing information from its contract with SATL. This information is not publicly available and is sensitive information regarding Electrolux's business that it maintains as confidential. A copy of the document containing the proposed redactions is attached hereto as Exhibit C.

c. Expert Report of Michael Bak, Ph. D., filed at ECF Nos. 106-6, 119-2, and 123-6:

      i. Dr. Bak's Report contains engineering drawings of the handles at issue in this litigation that were produced by Midea and Sharp. (See ECF 106-6 at 18, 51-54). The engineering drawings contain specific details regarding the design of the handles that is not publicly available and the drawings are maintained as confidential. Electrolux seeks to redact the engineering drawings only. A copy of the document containing the proposed redactions is attached hereto as Exhibit D.

d. Email dated June 8, 2015, bearing Bates Labels Electrolux_00036486-92, filed at ECF No. 106-23:

      i. The email contains the address and telephone number of a customer, and the customer is not a party to this action or the related actions filed against Electrolux relating to the microwave handles. Electrolux seeks to redact the customer's address and telephone number only. A copy of the document containing the proposed redactions is attached hereto as Exhibit E.

e. Email dated June 9, 2015, bearing Bates Labels Electrolux 00038604-13, filed at ECF No. 106-24:

      i. The email contains the address and telephone number of a customer, and the customer is not a party to this action or the related actions filed against Electrolux relating to the microwave handles. Electrolux seeks to redact the customer's address and telephone number only. A copy of the document containing the proposed redactions is attached hereto as Exhibit F.

f. Email dated May 6, 2016, bearing Bates Labels Electrolux_00042382-87; filed at ECF No. 106-29:

314705946.1

    i. The email contains discussions between Midea and Electrolux regarding the design of the microwaves at issue in this action, and the information is not publicly available. Electrolux seeks to redact the discussion regarding the design. A copy of the document containing the proposed redactions is attached hereto as Exhibit G.

  g. Electrolux's Fifth Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories, dated April 6, 2018, filed at ECF No. 106-34:

    i. Electrolux seeks to redact and maintain as confidential the number of microwaves it shipped to specific retailers and the total number of microwaves sold. This information is not publicly available and is sensitive information regarding Electrolux's business that it maintains as confidential. A copy of the document containing the proposed redactions is attached hereto as Exhibit H.

5.  Disclosure of the information identified above would provide the public with insight into Electrolux's non-public and proprietary business and the non-public and proprietary business information of non-parties, causing it to suffer competitive harm.

6.  The information contained in the documents at issue is protected by Electrolux and was created under the expectation that the privacy of the information would be preserved. Broad dissemination would put Electrolux at a competitive disadvantage. Courts consistently grant requests to seal confidential business information or trade secrets because the injury caused to a party's competitive standing is a serious harm warranting sealing judicial records. *See, e.g.*, *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012); *Bracco*

*Diagnostics, Inc. v. Amersham Health Inc.*, No. 03-6025, 2007 WL 2085350, at *10 (D.N.J. July 18, 2007); *AYR Composition, Inc. v. Rosenberg*, 261 N.J. Super. 495, 504 (App. Div. 1993).

7.     Disclosure of the information regarding customers' addresses, telephone numbers, and other identifying information would also unnecessarily disclose individual's private information when no need for the disclosure exists at this time.

8.     Accordingly, Electrolux has a legitimate interest in protecting the foregoing information from disclosure and would suffer a clearly defined injury if the information were to be made public.

9.     There exists no countervailing public interest in having access to the information at issue.

10.    There exists no less restrictive alternative than to seal the information in whole or in part as set forth above.  Electrolux has sought to seal only information entitled to protection.

11.    Electrolux no longer seeks to seal the remaining documents previously sealed pursuant to the Court's Orders, ECF No. 170, 171, and 172.  A list of the docket entry numbers for the documents that can be unsealed is attached hereto as **Exhibit A**.  Exhibit A identifies all docket entries that were sealed pursuant to ECF No. 170, 171, and 172, and indicates whether the document can be unsealed or

314705946.1

whether Electrolux seeks to seal the document, either in whole or in part, pursuant to the instant application.

12. As indicated in Exhibit A, Electrolux also no longer seeks to seal the following docket entries relating to the *Daubert* hearing held on November 30, 2022:

    a. ECF No. 190 - Transcript of *Daubert* Hearing held on 11/30/2022;

    b. ECF No. 191 - Plaintiff's Post-*Daubert* Hearing Submission;

    c. ECF No. 191-1 - Exhibit A to Plaintiff's Post-*Daubert* Hearing Submission;

    d. ECF No. 192 - Post-*Daubert* Brief of Defendant Electrolux Home Products, Inc.;

    e. ECF No. 192-1 - Certification of Patrick J. Perrone;

    f. ECF No. 192-2 - Transcript of Hearing; and

    g. February 3, 2023 Opinion.

13. Plaintiff's counsel consented to the foregoing requested relief.

I certify under penalty of perjury that the foregoing is true and correct.

Date: February 17, 2023

    *s/Patrick J. Perrone*
    Patrick J. Perrone
    **K&L GATES LLP**
    One Newark Center, 10th Fl.
    Newark, NJ 07102
    P: 973-848-4000
    F: 973-848-4001
    patrick.perrone@klgates.com

    *Attorneys for Defendant Electrolux Home Products, Inc.*